SUMMONS ISSUED

**12 3087**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------

NICOLE DESIBIO
individually and on behalf of
any and all similarly situated consumers

Plaintiff,

-against-

VISION FINANCIAL CORP.

Defendant.

------------------------------------------------------

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D N Y

★   JUN 20 2012   ★

LONG ISLAND OFFICE

**CLASS ACTION COMPLAINT**

BIANCO, J.

WALL, M.J.

Plaintiff, by and through her attorney, Adam J. Fishbein, as and for her complaint alleges as follows:

## INTRODUCTION

0.1   This is an action for damages brought by an individual consumer and on behalf of a class for defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA") which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## PARTIES

0.2   Plaintiff is a natural person residing in Nassau County, New York.

0.3   Upon information and belief, defendant is a collection agency which is a corporation and which is a debt collector as defined pursuant to 15 U.S.C. § 1692a(6) with its principal place of business in White Plains, New York.

## JURISDICTION

0.4   This Court has jurisdiction pursuant to 15 U.S.C. § 1692k (FDCPA) and 28 U.S.C. § 1331.

## AS AND FOR A FIRST CAUSE OF ACTION

1.1   Plaintiff realleges paragraphs 0.1 through 0.4 as if fully restated herein.

1

1.2   That a personal debt was allegedly incurred by the plaintiff to North Shore LIJ Core Laboratory.

1.3   That at a time unknown to the plaintiff herein, the aforementioned debt was referred to the defendant for collection.

1.4   The defendant sent a letter to the plaintiff an initial letter dated concerning one debt on May 15, 2012.

1.5   Said letters state in part as follows: "If you feel you have a suitable explanation for the balance remaining open, or you are unsure of its validity, you may contact us at 1-866-470-4580. If you have insurance we must ask that you please remit payment in full to us today and file your claim directly with YOUR INSURANCE CARRIER FOR REIMBURSEMENT. You will clear your account immediately by sending the bottom portion of this letter with your payment in full using the enclosed envelope or make payment online at **www.paybalance.com**."

1.6   Said language contradicts the consumer's right to dispute the debt within the initial thirty day period.

1.7   This cause of action is brought on behalf of plaintiff and the members of a class.

1.8   The class consists of consumers who received the same form letter, as did the plaintiff.

1.9   The Class consists of all persons whom Defendant's records reflect resided in New York and who were sent a collection letter (a) bearing the defendant's letterhead in substantially the same form as the letters sent to the plaintiffs on or about May 15, 2012  (b) the collection letter was sent to a consumer seeking payment of a consumer debt; and (c) the collection letter was not returned by the postal service as undelivered, (d) and that the letter contained violations of 15 U.S.C. § 1692g and 1692e(10).

1.10   Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and

2

preferable in this case because:

- (A) Based on the fact that the collection letters that are at the heart of this litigation are mass-mailed form letters, the class is so numerous that joinder of all members is impracticable.
- (B) There are questions of law and fact common to the class and these questions predominate over any questions affecting only individual class members. The principal question presented by this claim is whether the Defendant violated the FDCPA.
- (C) The only individual issue is the identification of the consumers who received the letters, (*i.e.* the class members), a matter capable of ministerial determination from the records of Defendant and who spoke with a dishonest collector.
- (D) The claims of the plaintiff are typical of those of the class members. All are based on the same facts and legal theories.
- (E) The plaintiff will fairly and adequately represent the class members' interests. The plaintiff has retained counsel experienced in bringing class actions and collection-abuse claims. The plaintiff's interests are consistent with those of the members of the class.

1.11 A class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA. 15 U.S.C. 1692(k). The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the class would create the risk of inconsistent or varying adjudications resulting

in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

1.12  If the facts are discovered to be appropriate, the plaintiff will seek to certify a class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

1.13  Collection letters, such as those sent by the defendant are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

1.14  Defendant violated the FDCPA. Defendant's violations include, but are not limited to, the following:

  (a)  Defendant violated 15 U.S.C. § 1692g by contradicting the plaintiff's right to dispute the debt for the initial thirty day period.

  (b)  Defendant violated 15 U.S.C. § 1692e(10) by engaging in deceptive representations.

WHEREFORE, plaintiff respectfully prays that judgment be entered against defendant in the amount of:

(a)  Statutory damages pursuant to 15 U.S.C. § 1692k in an amount to be determined at the time of trial.

(b)  Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k.

(c)  For such other and further relief as may be just and proper.

> Dated: Cedarhurst, New York
> June 19, 2012

                                         Adam J. Fishbein, P.C. (AF-9508)
                                         Attorney At Law
                                         **Attorney for the Plaintiff**
                                         483 Chestnut Street
                                         Cedarhurst, New York 11516
                                         Telephone (516) 791-4400
                                         Facsimile (516) 791-4411

Plaintiff requests trial by jury on all issues so triable.

                             Adam J. Fishbein (AF-9508)

**CALIFORNIA:** The state Rosenthal Fair Debt Collection Practices Act and the federal Fair Debt Collection Practices Act require that, except under unusual circumstances, collectors may not contact you before 8 a.m. or after 9 p.m. They may not harass you by using threats of violence or arrest or by using obscene language. Collectors may not use false or misleading statements or call you at work if they know or have reason to know that you may not receive personal calls at work. For the most part, collectors may not tell another person, other than your attorney or spouse, about your debt. Collectors may contact another person to confirm your location or enforce a judgment. For more information about debt collection activities, you may contact the Federal Trade Commission at 1-877-FTC-HELP or http://www.ftc.gov.

**COLORADO:** A consumer has the right to request in writing that a debt collector or collection agency cease further communication with the consumer. A written request to cease communication will not prohibit the debt collector or collection agency from taking any other action authorized by law to collect the debt.
FOR INFORMATION ABOUT COLORADO FAIR DEBT COLLECTION PRACTICES ACT, SEE
www.coloradoattorneygeneral.gov/ca
Ruth Schirmer • Colorado Manager, Inc.
80 Garden Center, Suite 3 • Broomfield, CO 80020 • Office(303) 920-4763 • Fax (303) 920-4767

**MASSACHUSETTS:** ADDRESS: 11960 WESTLINE INDUSTRIAL DRIVE, SUITE 330, ST. LOUIS MO 63146. OFFICE HOURS: MONDAY-THURSDAY: 9AM – 10PM EST, FRIDAY: 9AM – 5PM EST, SATURDAY: 9AM – 1PM EST. NOTICE OF IMPORTANT RIGHTS: YOU HAVE THE RIGHT TO MAKE A WRITTEN REQUEST OR ORAL REQUEST THAT TELEPHONE CALLS REGARDING YOUR DEBT NOT BE MADE TO YOU AT YOUR PLACE OF EMPLOYMENT. ANY SUCH ORAL REQUEST WILL BE VALID FOR ONLY TEN DAYS UNLESS YOU PROVIDE WRITTEN CONFIRMATION OF THE REQUEST POSTMARKED OR DELIVERED WITHIN SEVEN DAYS OF SUCH REQUEST. YOU MAY TERMINATE THIS REQUEST IN WRITING TO THE DEBT COLLECTOR.

**MINNESOTA:** THIS COLLECTION AGENCY IS LICENSED BY THE MINNESOTA DEPARTMENT OF COMMERCE.

**NEW YORK:** New York City Department of Consumer Affairs Number 1179146.

**NORTH CAROLINA:** North Carolina Permit Number 4011.

**TENNESSEE:** This collection agency is licensed by the Collection Service Board, State Department of Commerce and Insurance.

**WASHINGTON:** 11960 Westline Industrial Drive Suite 330, Maryland Height, MO 63146    Business ID: 602-420-043
Location 3

6774 Troy Drive, Rockford IL 61107    Business ID: 602-420-043
Location 2

Your check is welcome, by sending us your check, you are accepting our check acceptance policy. It is our company policy that upon receipt, your check may be converted into an electronic debit and processed through the Automated Clearing House under Federal Reserve rules. Receipt of your check by us will be your authorization for us to debit your account electronically, which will likely be posted to your account the following day. If you do not wish to have your check converted, please contact us at 1866-591-0300 or provide another form of payment, i.e. cash or a credit card. In the unlikely event your check is returned unpaid, you also understand and agree that your check may be electronically re-deposited up to two more times or if necessary re-deposited by paper draft. You also understand and agree that we may collect a return check processing charge by the same means, in an amount not to exceed that as permitted by state law.